UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID LEWIS BENTON, SR.**                                  **PLAINTIFF**

v.                                        **CIVIL ACTION NO. 3:14CV-469-H**

**PENNY HOUCHENS**                                             **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff David Lewis Benton, Sr., filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff filed his complaint on a court-approved form. He names Penny Houchens as the only Defendant. As the grounds for filing this case in federal court, Plaintiff states, "Mis Houchens brought forth to the courts a frivolous matter in attempts to sue for recover of the amount of $40,000.00 – violations of civil kind were then committed by disregaurd to Fed Codes[.] 42 USC 1985 [.]""

As his statement of the claim, Plaintiff states as follows:

> Recovery of the amount of 40,000. Dollars of back pay was attempted to be recovered for a said complaint of non support – Mis Houncel[1] could not produce any evidence of claim and from the time period of the years 2007 thru 2014 – This case was pushed without her request of assistance from a said complaintant and was tolirated by Paula Sherlock FM court – Violations of an array were comitted: Right to due process – libel/slander – 42 USC 1985 – Harrasment – Misuse of a electronic workplace device – multiple unconscinable act's.

As relief, Plaintiff seeks a "formal apology" and monetary relief.

---

[1] For the purposes of initial review, the Court presumes that "Houncel" is the same person as Defendant Houchens.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendant does not identify the job title of Defendant Houchens. However, the address listed for this Defendant is the address of the Jefferson County Attorney's Office Child Support Division. Based on the address listed and Plaintiff's allegations that Defendant Houchens brought charges for non-support against him and failed to produce evidence against him, the Court concludes that Defendant Houchens is a prosecutor with the Jefferson County Attorney's Office.

Plaintiff's claims against the prosecuting attorney are barred by absolute prosecutorial immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Therefore, the claims asserted by Plaintiff are barred by prosecutorial immunity, and the action will be dismissed for failure to state a claim upon which relief may be granted.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.010